1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   WESLEY KANE CAMPBELL,                    CASE NO. 1:10-cv-02193-OWW-GBC PC

10              Plaintiff,                   FINDINGS AND RECOMMENDATIONS
                                            RECOMMENDING DISMISSAL OF ACTION,
11      v.                                   WITHOUT PREJUDICE, FOR FAILURE TO
                                            STATE A CLAIM
12  LAWRENCE J. TURNER, et al.,
                                            (Doc. 1)
13              Defendants.
                                            OBJECTIONS DUE WITHIN THIRTY DAYS
14
                                  /
15

16  **I.    Screening Requirement**

17          Plaintiff Wesley Kane Campbell[1] ("Plaintiff") is a state prisoner proceeding pro se in this

18  civil rights action pursuant to 42 U.S.C. § 1983.  Currently pending before the Court is the

19  complaint, filed on November 24, 2010. For the reasons discussed below, Plaintiff's complaint fails

20  to state a cognizable claim.

21          The Court is required to screen complaints brought by prisoners seeking relief against a

22  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The

23  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

25  monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

26          In determining whether a complaint states a claim, the Court looks to the pleading standard

27  _____

28          [1]Plaintiff is also known as Kane Campbell.

1   under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and

2   plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

3   "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

4   demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

5   Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555

6   (2007)).

7   **II.    Discussion**

8         Plaintiff brings this suit against private attorney Lawrence Turner, Travis Campbell, and

9   Andra Campbell. The complaint claims that attorney Lawrence Turner had Travis Campbell and

10  Andra Campbell make up a false claim that Plaintiff raped their children and was involved in a

11  murder in the 1980s. Additionally, Defendants are trying to get him killed so they can extort

12  Plaintiff's money from Defendant Turner's law firm.

13        Liability under section 1983 exists where a defendant "acting under the color of law" has

14  deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen

15  v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). "The United States Constitution protects

16  individual rights only from *government* action, not from *private* action." Single Moms, Inc. v.

17  Montana Power Co., 331 F.3d 743, 746 (9th Cir. 2003) (emphasis in original). "Only when the

18  *government* is responsible for a plaintiff's complaints are individual constitutional rights implicated."

19  Single Moms, Inc., 331 F.3d at 746-47 (citing Brentwood Academy v. Tennessee Secondary School

20  Athletic Assoc., 531 U.S. 288, 295, 121 S. Ct. 924, 930 (2001)) (emphasis in original).

21        Plaintiff's allegations that Defendants, an attorney and two private individuals, fabricated

22  facts to have him convicted of a crime so they can extort money do not allege acts by any person

23  "acting under the color of law" and do not state a cognizable claim under section 1983. See Rivera

24  v. Green, 775 F.2d 1381, 1384 (9th Cir. 1985).

25  **III.   Conclusion and Recommendation**

26        The Court finds that Plaintiff's complaint fails to state any claims upon which relief can be

27  granted under § 1983 against any named Defendant. Under Rule 15(a) of the Federal Rules of Civil

28  Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to

amend should be granted if it appears at all possible that the plaintiff can correct the defect." <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, in this action Plaintiff's suit against private parties is insufficient to state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court  HEREBY RECOMMENDS that this action be dismissed in its entirety, without prejudice, for failure to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    December 9, 2010

UNITED STATES MAGISTRATE JUDGE

3